UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:24CR00426-001 |
| Plaintiff, | The Honorable Judge |
| -*vs.*- | DAN A. POLSTER |
| JOSHUA R. GLOVER, | SENTENCING MEMORANDUM FOR DEFENDANT |
| Defendant. | |

Joshua Glover ("Glover"), by and through undersigned counsel, provides the attached memorandum for this Court's consideration in advance of the November 25, 2025, sentencing hearing in this case.

Respectfully submitted,

/s/ Fernando O. Mack
FERNANDO O. MACK
Reg. No.: 0063937
1220 W. 6th St., Ste. 203
Cleveland, OH 44113
Phone: (216) 556-9610
Fax: (216) 575-7664
Email: losmacks@msn.com
*Attorney for Defendant*

**SENTENCING MEMORANDUM**

I. **STATEMENT OF THE CASE**

On November 14, 2024, Joshua Glover was named in a two-count Indictment filed in the Northern District of Ohio. Count one charged from January 16, 2022, through January 3, 2024, Glover committed the offense of Receipt and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and count two charged that on April 3, 2024, Glover committed the offense of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

There is no plea agreement in this case. On July 22, 2025, Glover pled guilty to the Indictment. The matter was referred for a presentence report, and a sentencing hearing is set for November 25, 2025, at 10:00 AM.

II. **LAW AND ARGUMENT**

A. **The Sentencing Guidelines are Merely Advisory and Not Binding Upon this Honorable Court**

On January 12, 2005, the United States Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. *Id.* at 751. Accordingly, and reaffirming its holding in *Apprendi*, the Court concluded that:

> Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a

2

jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Id.* at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1), or which rely upon the Guideline's mandatory nature, 18 U.S.C. §3742(e), are incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id*. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*,

> [R]equires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. §3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* §3553(a).

*Booker*, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the guidelines as just one of the number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

> 1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§3553(a)(1));

2) "the kinds of sentences available" (§3553(a)(3));
3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a)(6); and
4) "the need to provide restitution to any victims of the offense." (§3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. §5H1. *See also*: *United States v. Naylor*, 359 F.Supp.2d 521, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses, he was 17, and noting that in *Roper v. Simmons,* 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and §3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits

4

majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*." *United States v. Jaber*, 362 F.Supp.2d 365, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), *reh'g en banc granted*, 401 F.3d 1007 (9th Cir. 2005).

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts impose a sentence "sufficient, but not greater than necessary," to achieve the four (4) purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005).

  **B.** **Application of the Statutory Sentencing Factors to the Facts of this Case**

*Offense Level*. Glover's base offense level is twenty-two (22). After a three-level (3) reduction for acceptance of responsibility, the total offense level is 19.

*Criminal History*. As calculated by the probation department, Glover has a criminal history score of one (1), and places him in criminal history category I.

*Guideline Range*. Pursuant to the guideline provisions, for the above totals Glover's guideline range of imprisonment is 30-37 months. Additionally, count one carries a minimum mandatory sentence of 5 years.

<u>*Statutory Factors as Applied to Glover*</u>

Courts should consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

Glover has entered a guilty plea to the Indictment. He acknowledges that his conduct was wrong and appreciates the detrimental effect of his actions on his family, the community at large, and himself.

**(b) History and Characteristics of Defendant**

Glover was born on February 26, 1989, in Elyria, Ohio, to John and Yoland Glover. He was raised by both parents. His parents were married but eventually divorced when he was approximately 19 or 20 years old. Glover lived with his father after the divorce, until his passing in 2021 from throat cancer. He was his father's primary caregiver after his father's cancer diagnosis in 2020. Glover has an older brother (John Glover Jr.) and a younger sister (Kayla Dollhousen) and had a good relationship with them growing up.

During his childhood, both parents worked fulltime. Though there were no financial issues in the home, there were times that the family went without meals. There was some drug activity and violence in his childhood neighborhood, but Glover learned from his brother not to go down that path. Glover's father drank alcohol constantly, and his parents verbally fought often. Although his father was a functioning alcoholic, Glover reported that his father was supportive. After he passed away, Glover moved back in with his mother and was her primary means of support up until this instant case. His father's passing caused him to experience a downward spiral towards depression.

6

Glover graduated from Elyria High School in 2007. He attended Lorain County Community College for roughly one year to pursue an associate degree in software development and coding. He withdrew because his brother was causing problems and it was hard for him to concentrate on school. From 2014 until his arrest in the instant case in November 2024, Glover was employed at Beckett Thermal Solutions located in North Ridgeville, Ohio. He earned roughly $22 an hour building furnaces and water tanker for industrial properties and private homes. He has other work experience at factories and fast-food restaurants.

Glover is supported by his sister, Kayla, and nephew, by way of personal letters addressed to this Court. The letters speak of a man who is devoted to and caring of his loved ones, his ailing mother. Additionally, the letters express that the case before this Court does not tell the full story about Glover. His loved ones know that he is striving for positive change in his life, and that taking responsibility and atoning for his actions are his first steps towards a better future for himself and his family. His sister and nephew have known Glover through various stages of his life, and they know him to be a kindhearted, family man, who had positively impacted both of their lives and the lives of their family members. (See Ex. A - Letters Written in Support of Glover). In addition, during the pendency of this case Glover has completed courses related to addiction, adapting/changing, and drug and alcohol abuse.

    **2.**    **The Need for the Sentence Imposed to Promote Certain Statutory Objectives:**

> **(a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Under the sentencing guidelines, Glover's total offense level is 19 and the imprisonment range is 30-37 months. Additionally, there is a mandatory minimum sentence of five years on count one to be served prior to and consecutive with any other term of imprisonment imposed. The maximum sentence is 20 years per count.

    **3.**    **The Kinds of Sentences Available**

In *Booker*, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756. This renders the sentencing guidelines advisory. *Id.* Based on the circumstances of this case, imposition of the minimum guideline sentence would exceed the statutory directives.

Based upon a total offense level of 19 and a criminal history category of I, the guideline imprisonment range is 30 months to 37 months. There is a mandatory minimum sentence of five years on count one. In light of *Booker* no longer being mandatory, Glover is hopeful that this Court will consider giving him the minimum term of imprisonment as allowed by law.

    **4.**    **The Sentencing Range Established by the Sentencing Commission**

In light of Glover's acknowledgment of his guilt, his history and characteristics, and his minimal criminal history, the minimum term of imprisonment would be sufficient to satisfy the statutory directives.

8

### 5. The Need to Avoid Unwarranted Disparities

In light of the probation department's calculation, the mandatory minimum sentence of five years would be warranted for Glover. His conduct and actions are vile, he acknowledges that and he makes zero excuses. As he lacks criminal involvement, other than an OVI, a guideline range in line with probation's calculation would be greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a).

### 6. The Need to Provide Restitution to any Victims of the Offense

Restitution is not an issue in this case.

### **CONCLUSION**

Based on the preceding, Joshua Glover respectfully moves this Honorable Court to impose a minimal sentence in line with the §3553(A) factors. Doing so will promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid an unwarranted sentencing disparity.

/s/ Fernando O. Mack
FERNANDO O. MACK
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2025, a true and accurate copy of the following **Sentencing Memorandum for Defendant** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Fernando O. Mack